IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AVID RADIOPHARMACEUTICALS, INC. | : | CIVIL ACTION |
| | : | |
| | : | No. 19-3632 |
| v. | : | |
| | : | |
| AIA AMERICA, INC., et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                **January 23, 2020**

      Plaintiff Avid Radio Pharmaceuticals, Inc. filed this malicious prosecution case against Defendants AIA America, Inc. and Ronald Sexton. Defendants moved to dismiss the complaint for failure to state a claim. Avid failed to respond to this motion within the requisite 14-day period. To date, despite two additional orders directing Avid to respond, Avid has not responded to the motion nor has it taken any other action to litigate this case. The Court will therefore dismiss this action without prejudice for failure to prosecute.

**BACKGROUND**

      On August 12, 2019, Avid filed this case alleging Defendants maliciously prosecuted a patent infringement case against it in this Court. On November 22, 2019, Defendants moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Avid failed to respond to Defendants' motion by the December 6, 2019, deadline.

      On December 17, 2019, the Court directed Avid to respond to the motion on or before December 30, 2019. The Court advised Avid that failure to respond to the motion may result in dismissal of the action for failure to state a claim under Rule 12(b)(6) or failure to prosecute under Rule 41(b). Avid failed to respond to the motion a second time. On January 3, 2020, the Court again directed Avid to respond to the motion on or before January 13, 2020. The Court again advised Avid that failure to respond to the motion may result in dismissal of the action for failure

to state a claim under Rule 12(b)(6) or failure to prosecute under Rule 41(b). Avid failed to respond to the motion a third time. To date, over two months after Defendants filed their motion to dismiss, Avid has failed to take any further action in regard to this case.

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with th[e] [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). Ordinarily, before dismissing a case as a sanction for a party's litigation conduct, a court is required to evaluate the factors identified by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). "When a litigant's conduct makes adjudication of the case impossible, however, such balancing under *Poulis* is unnecessary." *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007); *see also McLaren v. N.J. State Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012).

It is questionable whether an analysis of the *Poulis* factors is necessary, given Avid's failure to comply with the Court's orders or to communicate with the Court in any way since the filing of this case in August 2019. Assuming a *Poulis* analysis is required, the Court finds dismissal is warranted under *Poulis*.

Initially, the first *Poulis* factor—personal responsibility—weighs against dismissal. Because Avid is represented by counsel, it is unclear the extent that Avid is responsible for the failure to prosecute this action. Thus, the Court will weigh this factor against dismissal for failure to prosecute. *See Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 194 (3d Cir. 2010) (finding responsibility factor weighed against dismissal where there was no evidence the plaintiff, as opposed to counsel, was personally responsible for not securing default judgment).

The second *Poulis* factor—the prejudice to Defendants—also weighs slightly against dismissal. There is no evidence that Avid's failure to prosecute this case has impaired Defendants ability to prepare a meaningful defense. *Cf. Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) (affirming district court's finding that "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial" to warrant dismissal). Moreover, there is no evidence that there has been an irretrievable loss of evidence or that Avid's actions have imposed excessive costs on Defendants (although Defendants did incur some cost in preparing the motion to dismiss). *Cf. Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994) ("Examples of prejudice include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." (internal quotations omitted)). The Court therefore weighs this factor slightly against dismissal.

Third, Avid has displayed a pattern of dilatoriness in this case, which weighs heavily in favor of dismissal. On three separate occasions, Avid has failed to respond to Defendants' motion to dismiss. Avid has further failed to comply with two orders directing it to respond to the motion to dismiss. *See Adams*, 29 F.3d at 874 ("Extensive or repeated delay or delinquency constitutes a

history of dilatoriness, such as . . . consistent tardiness in complying with court orders."). The third *Poulis* factor therefore weighs heavily in favor of dismissal.

The fourth *Poulis* factor—willfulness or bad faith conduct—also weighs in favor of dismissal. As noted, the Court has provided Avid ample opportunity to respond to Defendants' motion to dismiss. *See* Order, Dec. 17, 2019, ECF No. 6; Order, Jan. 3, 2020, ECF No. 7. Despite this Court's repeated directions and warnings that failure to comply may result in dismissal, Avid has failed to act. Avid's failure can consequently be regarded as willful. *See Cleary v. Atria Mgmt. Co.*, No. 15-2779, 2015 WL 4770913, *2 (E.D. Pa. 2015) ("The Plaintiff ignored a communication from Chambers, two direct Court orders, and several extension periods. His decision to ignore these demands, 'even after express warnings about the consequences, can only be regarded as willful.'" (citation omitted))

Next, the fifth *Poulis* factor—the effectiveness of sanctions other than dismissal—weighs in favor of dismissal. It is unclear whether monetary sanctions would be warranted in this matter or would have a meaningful impact on Avid's behavior. In any event, while the Court could issue fines or costs as sanctions for Avid's failure to comply, the Court twice placed Avid on notice that failure to comply with its orders would result in dismissal of the action, and dismissal is an effective sanction. Thus, dismissal is the most appropriate action for the Court. *See Kessler v. Foradora*, No. 06-934, 2006 WL 3762013, at *2 (W.D. Pa. Dec. 20, 2006) (finding dismissal was the most appropriate sanction where the petitioner's financial status was unknown and the petitioner twice ignored court orders). The fifth *Poulis* factor consequently weighs in favor of dismissal.

Last, the Court will assume the final *Poulis* factor—the meritoriousness of Avid's claims—weighs against dismissal. When evaluating the meritoriousness factor, courts apply the standard

for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). Because Avid has not opposed Defendants' motion to dismiss, this Court is not in a position to fully evaluate that motion on its merits. Given this uncertainty, the Court will assume the fifth factor weighs against dismissal.

**CONCLUSION**

The third, fourth, and fifth *Poulis* factors weigh strongly in favor of dismissal and tip the balance in favor of dismissing Avid's case against Defendants. These factors are not outweighed by the remaining factors that do not support dismissal. *See Briscoe*, 538 F.3d at 263 ("[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint." (citation omitted)). Accordingly, this action will be dismissed without prejudice for failure to prosecute.

An appropriate order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.